1
2
3
4
5
6
7

8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10
11
12
13
14
15
16

SANDI WILSON and SYNTHIA LISI, individually and on behalf of all others similarly situated,

            Plaintiffs,

  v.

VENTURE FINANCIAL GROUP, INC., et al.,

            Defendants.

CASE NO. C09-5768BHS

ORDER DENYING MOTION FOR STIPULATED PROTECTIVE ORDER

17
18
19

This matter comes before the Court on the parties' motion for entry of a stipulated protective order (Dkt. 61). The Court has considered the motion and proposed order and hereby denies the motion for the reasons stated herein.

20

**II. DISCUSSION**

21
22
23
24
25

This Court's practice is to decline to enter overly broad stipulated protective orders. The stipulated protective order submitted by the parties in this case is overly broad and, therefore, deficient. *See* Dkt. 61. Due to its deficiency, the Court is denying the stipulated protective order. The Court is, however, amenable to entering stipulated protective orders when they meet certain criteria, as discussed herein.

26
27
28

Pursuant to Fed. R. Civ. P. 26(c), protective orders should be issued "for good cause shown." This is a public court and its business should be conducted publicly unless

ORDER - 1

there is a specific reason to keep things confidential. As stated in Local Civil Rule 5(g), "[t]here is a strong presumption of public access to the court's files and records which may be overcome only on a compelling showing that the public's right of access is outweighed by the interests of the public and the parties in protecting files, records, or documents from public review." On the few occasions when protective orders are appropriate, they should be narrowly drawn with a presumption in favor of open and public litigation.

The following must be present in a stipulated protective order before the Court is willing to consider ordering its entry:

1. The parties must make a compelling showing that their interest in the various "confidential materials" described in the proposed order outweighs the public's right of access to Court documents.

2. The request must be narrow and the terms of the order may not give too much discretion to the parties to designate documents subject to the protective order. Any protective order entered by the court must be narrowly drawn and clearly identify the class or type of documents subject to the order.

3. The proposed order may not be modified by agreement of the parties without the Court's signature of approval.

4. The order cannot grant "complete immunity" from any liability related to the disclosure of confidential, personal, or proprietary information as long as the disclosure is made pursuant to the terms of the protective order. Whether a particular disclosure violates federal, state, or local law, breaches contractual obligations, and/or violates another court's order is not before the Court by virtue of entering a stipulated protective order: a grant of "immunity" without due consideration of the facts and circumstances surrounding the disclosure would be improper and unjustified.

5. Finally, the order must contain a provision that the Court may change the terms of the protective order on its own motion after notice to the parties and an

opportunity to be heard.

The parties may, of course, enter into a confidentiality agreement amongst themselves without the aid of the Court, but if and when parties request that the Court be involved, they must make the requisite showing discussed above.

### III. ORDER

Therefore, it is hereby

**ORDERED** that the parties' motion for entry of a stipulated protective order (Dkt. 61) is **DENIED** as discussed herein.

DATED this 15th day of June 2010.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 3