1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SANDI WILSON and SYNTHIA LISI,
individually and on behalf of all others
similarly situated,

               Plaintiffs,

      v.

VENTURE FINANCIAL GROUP, INC.,
et al.,

               Defendants.

CASE NO. C09-5768BHS

ORDER DENYING THE
STATE OF WASHINGTON'S
MOTION TO QUASH
PLAINTIFFS' SUBPOENAS

     This matter comes before the Court on the State of Washington's non-party motion
to quash subpoenas and motion for protective order (Dkt. 48). The Court has considered
the pleadings filed in support of and in opposition to the motion and the remainder of the
file and hereby denies the motion for the reasons stated herein.

## I. FACTUAL AND PROCEDURAL HISTORY

     This matter involves a challenge to the handling of certain retirement accounts
managed by Defendants ("VFGI") for the benefit of the Plaintiffs (collectively "Wilson").
For a more complete factual background, *see* Dkt. 44 (order granting in part and denying
in part VFGI's motion to dismiss). The issue presented within the instant motion involves
a challenge by the State of Washington's (the "State") objections to certain subpoenas
issued by Wilson . *See* Dkt. 48.

ORDER - 1

On May 27, 2010, the State moved the court to quash "all outstanding subpoenas in this action issued to the State and its officers and its employees acting in their official capacity." Dkt. 48. On June 2, 2010, Wilson opposed the State's motion to quash. Dkt. 57. On October 7, 2010, the State replied. Dkt. 76.

## II. DISCUSSION

Wilson asserts three alternative bases on to support its motion to quash the subpoenas at issue: (1) sovereign immunity; (2) Fed R. Civ. P. 45(c)(3); or (3) RCW 30.04.075, Washington State's relevant bank examination confidentiality statutes. *See* Dkt. 48.[1] The Court considers these arguments seriatim.

## A.      Sovereign Immunity

Wilson  seeks to enforce the subpoenas it caused to be issued upon the State, which seek certain bank examination records. *See e.g.* Declaration of Victor M. Minjares (Minjares Decl.) ¶ 2 (discussing receipt of subpoenas); *see also* Minjares Decl., Exs. A, B (copies of subpoenas). The State claims sovereign immunity as a means by which to avoid these discovery subpoenas. Wilson asserts that sovereign immunity does not apply when the state is a non-party to the action. *See* Dkt. 57 at 6-9.

The State cites and relies heavily on *United States v. James*, 980 F.2d 1314 (9th Cir.1992), a case in which the Ninth Circuit found that the district court had properly quashed a subpoena issued to a tribe to produce documents on the basis of tribal

---

[1]In opposition to the motion to quash, Wilson also contends that the State's objection to the subpoenas at issue is untimely under Fed. R. Civ. P. 45(c)(2)(B). Dkt. 57 at 4. However, this contention is without merit, given that Wilson's counsel (Genessa Stout) apparently agreed with the State's counsel to unconditionally extend the deadline to comply with the subpoenas to May 28, 2010. *See,* Declaration of Joseph Vincent (citing Declaration of Genessa Stout (Dkt. 58-2), Ex. A at 3-4 (email thread agreeing to the extension); Dkt. 53-3 (copy of second subpoena issued providing deadline of May 28, 2010)). Wilson has supplied no documentation contrary to the State's claim that the parties agreed to extend the deadline upon which the State was to reply or object to the subpoenas. The State filed its objections on May 27, 2010 (Dkt. 48), one day before the deadline. Therefore, the Court rejects Wilson's argument that State's objection to the subpoenas is untimely.

(sovereign) immunity. Although the Ninth Circuit upheld the quashal of subpoenas served upon a non-party in *James*, the case concerned tribal sovereign immunity, not state sovereign immunity. Indeed, the State does not cite a single published case wherein a court applied *James* to quash subpoenas issued to a state or state agency, which is the case here.

In contrast, Wilson cites several cases from other Circuits and other district courts within the Ninth Circuit that have each rejected the argument made by the State. *See* Dkt. 57 at 7-8 (citing *In re Missouri Dept't of Natural Resources*, 105 F.3d 434, 436 (9th Cir. 1977) ("there is simply no authority for the position that the Eleventh Amendment shields government entities from discovery in a federal court"); *Barnes v. Black*, 544 F.3d 807, 812 (7th Cir. 2008) (Eleventh Amendment not violated by order commanding non-party state official to produce a document because it "does not compromise state sovereignty to a significant degree"); *United States v. Juvenile Male 1,* 431 F. Supp. 2d 1012, 1016 (D. Ariz. 2006) ("Federal subpoenas routinely issue to state and federal employees to produce official records . . . and are fully enforceable despite any claim of immunity").

Furthermore, courts have rejected as irrelevant the State's argument for applying a state's sovereign immunity because "no judgment or other relief of any kind is sought against" the state, which would invoke Eleventh Amendment protections. *Allen v. Woodford*, 544 F. Supp. 2d 1074, 1079 (E.D. Cal., 2008) (rejecting an Eleventh Amendment argument to avoid compliance with a third-party subpoena for records held by a state wherein the state is not a party).

Based on the foregoing, the Court concludes that, while *James* may remain good law within the Ninth Circuit as it pertains to tribal sovereign immunity, it has no force with respect to the case at bar. Therefore, barring some other exception to compliance, the State must turn over the requested documents. However, Wilson will work with the State to reduce the scope of the documents requested to the extent the Court's prior order on

1  VFGI's motion to dismiss (Dkt. 44) affects the relevant scope of the requested

2  documents.

3  **B.      Rule 45(c)(3)**

4          Alternatively, the State contends that the subpoenas should be quashed under Fed.

5  R. Civ. P. 45(c)(3). The Court may quash subpoenas that are unreasonable or oppressive.

6  *Ariel v. Jones*. The State contends that the subpoenas at issue are both unreasonable and

7  oppressive. Dkt. 48 at 7. In support of this proposition, the State rests its argument on (1)

8  the economic emergency facing Washington State, (2) that having to review and produce

9  20,000 pages of potentially relevant material is overly burdensome and onerous on its

10  face, (3) that producing the documents would violate the State's bank examination

11  confidentiality statutes, and (4) the subpoenas seek duplicative information already held

12  by the FDIC. *See id.* at 7-11

13          **1.      Economic Emergency**

14          The Court is not persuaded by the State's unsupported "economic emergency"

15  argument. While there is no doubt the economy has affected the State, it does not mean it

16  is no longer obligated to abide by the rules governing federal subpoena power. Therefore,

17  the Court rejects this inadequately supported argument on its face.

18          **2.      Overly Broad or Unduly Burdensome**

19          The Court is also not persuaded by the "number of documents" argument. 20,000

20  pages is insignificant compared to other complex litigation cases involving millions of

21  documents where courts have rejected application of Rule 45(c)(3). *See, e.g., F.D.I.C. v.*

22  *Garner*, 126 F.3d 1138, 1146 (9th Cir. 1997) (rejecting the "overbroad or unduly

23  burdensome" argument in a case involving a demand for more than one million

24  documents). In *Garner*, the Ninth Circuit held that a party seeking to avoid a subpoena,

25  such as those issued in this case, requires the party to "enunciate how these subpoenas

26  constitute a 'fishing expedition.'" As was the case in *Garner*, the State has not articulated

1    how Wilson 's subpoenas constitute a fishing expedition; therefore this argument is
2    rejected.

### 3.    Bank Examination Confidentiality Statues

3        In its opening motion to quash the subpoenas at issue, the State contended that
4    Washington State's Revised Code makes privileged and confidential certain examination
5    reports. *See, e.g.,* Dkt. 48 at 10 (quoting RCW 30.04.075(1)). In doing so the State argued
6    that RCW 30.04.075 is binding upon it and that there is an *in-camera* review process that
7    must be followed regarding the documents requested by Wilson . *See id.* (Citing RCW
8    30.04.075(6).

9        Wilson  concedes these statutes prevent it from obtaining the examinations,
10   themselves, but that they are not prevented from obtaining the remainder of the
11   documents they seek. *See* Dkt. 57 at 12-13. Wilson further contends that the State agrees
12   that "the proper procedure is for Wilson and the [State] to work out which documents
13   should be produced, and which documents may necessitate . . ." an *in camera* review
14   pursuant to RCW 30.04.075(6). Wilson agrees to participate in such a process.

15       In its reply, the State did not address Wilson's response on this issue. This failure
16   to reply regarding this issue permits the Court to deem Wilson's position as meritorious
17   (*see* Local Rule CR 7(b)(2)); thus, the State has either agreed or abandoned this argument
18   in support of its motion to quash. Therefore, the Court agrees with Wilson that the
19   subpoenas are proper to the extent Wilson complies with the applicable laws, including
20   RCW 30.04.075(6).

### 4.    Duplicative Requests

21       Finally, the State contends that the documents sought through these subpoenas are
22   duplicative of those already held by the FDIC and that the subpoenas would be better
23   directed to that agency. *See* Dkt. 48 at 11. However, this "duplicative" argument was
24   rejected in *Garner* because the party failed to identify what documents were duplicative.

*Garner*, 126 F.3d at 1146. As in *Garner*, the State has also failed to identify the duplicative documents. Therefore, this argument is rejected.

### III. ORDER

Therefore, it is hereby **ORDERED** that

(1)    The State's motion to quash is **DENIED**,

(2)    The State **WILL COMPLY** with the subpoenas at issue as discussed herein.

(3)    The State and Wilson **WILL MEET AND CONFER** within 14 days of this order to determine how and on what basis the documents requested will be disclosed; such disclosure is to be consistent with the order herein.

DATED this 2nd day of November 2010.

BENJAMIN H. SETTLE
United States District Judge