UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| SANDI WILSON and SYNTHIA LISI, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>VENTURE FINANCIAL GROUP, INC., et al.,<br><br>Defendants. | CASE NO. C09-5768BHS<br><br>ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT |

This matter comes before the Court on Plaintiffs' (collectively "Wilson") motion for preliminary approval of settlement (Dkt. 100). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants Wilson's motion for the reasons herein.

**I. PROCEDURAL HISTORY AND FACTUAL BACKGROUND**

This matter arises out of Wilson's class action Employment Retirement Income Security Act ("ERISA") action against Defendants[1] (collectively the "Settling Defendants"). For a more complete factual background see the Court's order on the motion to dismiss (Dkt. 44). The class is hereinafter referred to as the "Settlement Class."

---

[1] Ken F. Parsons ("Parsons") opposes the proposed settlement ("Settlement") discussed herein. Parsons is no longer joined with the Settling Defendants and is currently represented *pro se*. *See* Dkt. 115 (order granting Settling Defendants' counsel's motion to withdraw as counsel for Parsons).

ORDER – 1

On December 22, 2010, Wilson moved the Court to grant preliminary approval of the Settlement with the Settling Defendants. Dkt. 100. On January 3, 2011, Parsons opposed the motion for grant of preliminary approval of the Settlement. Dkt. 112. On January 7, 2011, Wilson replied. Dkt. 103.[2]

## II. DISCUSSION

Wilson moves the Court to grant preliminary approval of the Settlement, preliminarily certify the class for purposes of settlement; approve the form and manner of the notice; and set a date for a fairness hearing. Parsons objects to Wilson's motion.

**A.     Parsons' Objections**

The Court first turns to Parsons' objections, which are twofold: (1) he objects to the Settlement because it would pass judgment on him and (2) he apparently desires to switch from being a named Defendant to being a member of the Settlement Class. Neither of these positions are tenable.

First, as it pertains to Parsons, the Settlement dismisses all claims against Parsons with prejudice. Settlement at § 4.5. Additionally, the Settlement only releases the Settling Defendants from claims that the class might have against them. *See id*. §§ 5.2-3 (defining "Released Claims" to include only claims brought on behalf of Wilson and the Settlement Class, and claims brought by Settling Defendants). In short, the Settlement is favorable to Parsons without being prejudicial to his interests.

Wilson argues that, based on the foregoing, Parsons lacks standing to object to the Settlement. Dkt. 103 at 5 (quoting *Waller v. Financial Corp. of Am.*, 828 F.2d 579, 582-83 (9th Cir. 1987) (holding that a non-settling defendant generally lacks standing to object to a settlement unless he/she can show legal prejudice)). The Court agrees with Wilson that Parsons lacks standing because he is a non-settling Defendant and because he

---

[2]Although the docket numbers appear to be out of order with respect to this motion, this is the correct docket numbering based on the CM/ECF filings.

ORDER – 2

has not shown that he would suffer a legal prejudice should the Court grant preliminary approval of the Settlement.

As to Parsons' apparent desire to switch sides, Parsons has not set forth any case law that would suggest he would be entitled to join the Settlement Class as a plaintiff whereby he could sue himself for wrongdoing carried out in his official capacity in order to profit from the insurance proceeds. Even if Parsons could switch sides, the Settlement Class could never be certified with him in it, as doing so would violate several of the elements necessary to establish a class. *See, e.g.,* Fed. R. Civ. P. 23 (setting out prerequisites for certifying a class).

**B.  Wilson's Motion**

Wilson moves the Court to (1) grant preliminary approval of the Settlement; (2) preliminarily certify the class for settlement purposes; (3) approve the form and manner of notice; and (4) set a date for a fairness hearing. Dkt. 100 at 29.

Parsons does not object to the fairness, reasonableness, or adequacy of the Settlement. *See* Dkt. 112. Therefore, Wilson's motion is unopposed.

**1.  Preliminary Approval**

Preliminary approval of a class action settlement requires the Court to consider whether "(1) the negotiations occurred at arm's length; (2) there was sufficient discovery; (3) the proponents of the settlement are experienced in similar litigation; and (4) only a small fraction of the class objected." *In re Linerboard Antitrust Litigation*, 296 F. Supp. 2d 568 (E.D. Pa. 2003).

The instant settlement appears fair, non-collusive and within the range of possible final approval. The settlement was a product of arm's length negotiation and does not appear to benefit those who participated in the negotiation at the expense of any other parties. All class members are included, and each class member has the opportunity to opt out. Extensive discovery has been conducted to determine the identity of all possible claimants and their potential entitlement to damages. The proponents of the settlement are

ORDER – 3

experienced in this type of litigation. No class members have objected, as of this time for which they will have an opportunity once notified of the pending settlement.

Based on the foregoing, the Court grants preliminary approval of the Settlement, as proposed.

### 2. Class Certification

Federal Rule of Civil Procedure 23(a) permits a class action where: "(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." In addition, the class action must satisfy one of the provisions of Rule 23(b). Satisfying 23(b)(3) requires that "the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

First, with over 200 proposed class members, the class is so numerous that joinder of each member is impracticable. Fed. R. Civ. P. 23(a)(1). Second, several common questions of fact exist among the class members, which satisfies the commonality requirement.[3] Third, the claims made are typical – center around the ERISA fiduciary duty provisions – of those of the class because they arise from the same course of conduct and derive from the same legal theory as that of other class members. Fourth, the class representatives adequately represent the class because (1) their attorneys are well-

---

[3]The questions include: (1) whether Defendants owed fiduciary duty to the plans and its participants; (2) whether Defendants breached their fiduciary duties to the plans and its participants; (3) what is the measure and aggregate amount of losses sustained by the plans; and (4) what is the proper remedy for the plans' losses. Dkt. 100 at 25 (setting out questions common among the class members).

ORDER – 4

qualified[4] to handle this type of litigation and (2) their interests are not antagonistic to the remainder of the class. *See In re United Energy Corp. Solar Power Modules Tax Shelter Invs. Sec. Lit.*, 122 F.R.D. 251, 257 (C.D. Cal., 1988).

As to the requirements of Fed. R. Civ. P. 23(b), certification of the proposed class is proper here because "the derivitive nature of ERISA § 502(a)(2) claims [and] breach of fiduciary duty claims brought under § 502(a)(2) are paradigmatic examples of claims appropriate for certification as a Rule 23(b)(1) class." *In re Schering Plough Corp. ERISA Lit.*, 589 F.3d 585, 604 (3rd Cir. 2009) (collecting cases). Fed. R. Civ. P. 23(b)(1)(B) is the proper vehicle for certifying the class in this case. *See In re Syncor Erisa Lit.*, 227 F.R.D. 338, 346 (C.D. Cal., 2005) ("A classic example of a Rule 23(b)(1)(B) action is one which charges "a breach of trust by an indenture trustee or other fiduciary similarly affecting the members of a large class of beneficiaries, requiring an accounting or similar procedure to restore the subject of the trust." (quoting *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 834, 119 S.Ct. 2295, 144 L.Ed.2d 715 (1999))).

Additionally, class counsel must be appointed. In appointing class counsel, the court must consider

> (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g). As discussed above, Wilson's counsel is well-equipped to handle this litigation. Accordingly, the Court designates Hagens Berman as counsel for the class.

Based on the foregoing, the Court provisionally certifies the class for settlement purposes and grants preliminary approval of the Settlement.

**3. Form and Manner of Notice**

The form and manner of notice, as described in Wilson's motion, is approved.

---

[4]Proposed class counsel have represented other plaintiffs in similar actions, including class actions.

ORDER – 5

**4.     Fairness Hearing**

Wilson's motion contains a proposed schedule for the course of settlement and the timing of a fairness hearing. *See* Dkt. 100 at 12-13. However, considering the timing of this order, the parties shall submit an amended schedule for approval.

### III. ORDER

Therefore, it is hereby **ORDERED** that Wilson's motion for preliminary approval of the Settlement is **GRANTED** as discussed herein. The parties **SHALL submit** an amended settlement/fairness hearing schedule as discussed herein.

DATED this 24th day of January, 2011.

BENJAMIN H. SETTLE
United States District Judge

ORDER – 6