THE HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT, WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SANDI WILSON and SYNTHIA LISI, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>v.<br><br>VENTURE FINANCIAL GROUP, INC., KEN F. PARSONS, SR., JAMES F. ARNESON, KEITH W. BREWE, LOWELL E. BRIDGES, LINDA BUCKNER, PATRICK L. MARTIN, LARRY J. SCHORNO, JEWELL C. MANSPEAKER, A. RICHARD PANOWICZ, CATHERINE J. MOSBY, SANDRA L. SAGER, and PATRICIA A. GRAVES,<br><br>    Defendants. | No. 09-cv-05768 BHS<br><br>**FINAL ORDER AND JUDGMENT** |

This Action involves claims for alleged violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, et seq. ("ERISA"), with respect to the Venture Financial Group, Inc. ESOP and KSOP (collectively the "Plans").[1]

This matter came before the Court for a hearing pursuant to the Preliminary Approval Order of this Court entered on January 24 and the Schedule for Consideration of Final Approval

---

[1] The initial capitalization of terms, and in the case of the ESOP and KSOP, the capitalization of terms, used in this Final Order and Judgment and not defined herein shall have the meanings assigned to them in the Settlement Agreement.

FINAL ORDER AND JUDGMENT - 1
Case No. 09-cv-05768 BHS

of Proposed Settlement entered on February 3, 2011, on the application of the Parties for approval of the settlement set forth in the Class Action Settlement Agreement (the "Settlement Agreement"), executed on December 22, 2010 and filed with the Court on December 22, 2010.

Before the Court are: (1) Named Plaintiffs' Motion for Final Approval of ERISA Class Action Settlement, for Settlement Class Certification, and for approval of Plan of Allocation ("Final Approval Motion"); and, (2) Class Counsel's Motion for Award of Attorneys' Fees and Expenses and Named Plaintiff Service Awards ("Fee and Expense Motion").

The Court has received a declaration attesting to the mailing of the Class Notice in accordance with the Preliminary Approval Order;

Due and adequate notice has been given to the Settlement Class as required in the Preliminary Approval Order, and the Court has considered all papers filed and proceedings in this case, and is otherwise fully informed in the premises. IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. This Court has jurisdiction over the subject matter of this action and over all Parties to the action, including all members of the Settlement Class, pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e).

2. On February 16, 2011, 327 copies of the Class Notice were mailed to Settlement Class members.

4. In accordance with the Court's Preliminary Approval Order, the Notice and Settlement Agreement were posted on Class Counsel's website on or before February 18, 2011.

5. The Class Notice fully informed Settlement Class members of their rights with respect to the settlement, including the right to object to the settlement, and of Class Counsel's application for an award of attorneys' fees, reimbursement of expenses, and for the payment of Service Awards to the Named Plaintiffs, all from the Class Settlement Amount.

6. The Class Notice met the statutory requirements of notice under the circumstances, including the individual notice to all members of the Settlement Class, and fully

FINAL ORDER AND JUDGMENT - 2
Case No. 09-cv-05768 BHS



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirement of due process.

7. The Plans were terminated in November of 2009 and all of the Plans' assets were distributed subsequent to their termination.

8. Notice of the Settlement and a copy of the Settlement Agreement were served on the US Department of Labor on February 22, 2011, and the US Department of Labor ("DOL") has had an opportunity to object to the settlement and be heard in this Court.

9. Neither the DOL nor any member of the Settlement Class have objected to the Settlement, the Plan of Allocation, the requests for attorneys' fees and expenses, or the request for Service Awards for the Named Plaintiffs.

10. In the Preliminary Approval Order, the Court held that the non-settling Defendant, Ken F. Parsons ("Parsons") lacks standing to object to the Settlement. Dkt. 116. Parsons did not seek reconsideration of that Order. Nonetheless, Parsons filed an objection to the Settlement, Dkt. 126, and counsel appeared on behalf of Parsons at the Final Approval Hearing on April 25, 2011. Parsons has again failed to demonstrate that he has standing to challenge the Settlement because he is a non-settling Defendant and because he has not shown that he will suffer a legal prejudice as a result of the Settlement. *See Waller v. Financial Corp. of Am.*, 828 F.2d 579, 582-83 (9th Cir. 1987). The Court further finds that even if Parsons did have standing to object to the Settlement, his objections are without merit since his rights are in no way prejudiced by the Settlement. To the contrary, the Settlement is favorable to Parsons, as it results in the dismissal with prejudice of all claims asserted in the Complaint against Parsons without being prejudicial to any legally cognizable interests. Moreover, the Court finds, under the law, that if Parsons were to participate in the Settlement, the certification of any class that includes him would violate several of the elements necessary for certifying a class under Fed. R. Civ. P. 23. Accordingly, Parsons' objection provides no basis for denying Final Approval of the Settlement.

11. This action and all claims asserted in it, as well as all of the Released Claims, are dismissed with prejudice as to the Named Plaintiffs, the Settlement Class members, and the Plans, and as against the Releasees. The Parties are to bear their own costs, except as otherwise provided in the Settlement Agreement.

12. The Court finds that the settlement is fair, reasonable, and adequate as to each member of the Settlement Class and was reached through vigorous arms length negotiation and is not the product of collusion among the parties or their counsel. Accordingly, the Court also finds that the terms of the settlement are fair, reasonable, and adequate as to the Plans and no less favorable to the Plans than comparable arms-length terms and conditions that would have been agreed to by unrelated parties under similar circumstances, and that the settlement is not part of an agreement, arrangement, or understanding designed to benefit a party in interest. Accordingly, the settlement does not constitute a nonexempt prohibited transaction within the meaning of ERISA §§406(a) or (b).

13. The settlement is finally approved in all respects. The Parties are directed to implement the Settlement in accordance with the terms and conditions of the Settlement Agreement. The Action is dismissed on the merits with prejudice. This dismissal shall and does include any and all claims that were asserted in the Complaint or are expressly covered by the Settlement Agreement. The Court further finds that, in order to render the settlement fully effective as to the Settling Defendants, the Plans' claims that were asserted by the Plaintiffs in this action must be extinguished and dismissed with prejudice, and the Court so orders.

14. Named Plaintiffs and each of member of the Settlement Class, individually and on behalf of the Plans and any other Person that claims or might claim through or on behalf of or for the benefit of the foregoing, are deemed to have, and by operation of this Order and Judgment shall have, absolutely and unconditionally released and forever discharged the Releasees from the Released Claims.

15. All members of the Settlement Class are hereby forever barred and enjoined from prosecuting the Released Claims against Releasees, either derivatively or on behalf of themselves, or through any person purporting to act on their behalf or purporting to assert a Released Claim under or through them, in any forum, action or proceeding of any kind.

16. Each of the Settling Defendants, by operation of this Order and Judgment, are hereby forever barred and enjoined from prosecuting against the Named Plaintiffs, the Settlement Class, and Class Counsel any and all claims relating to the institution or prosecution of the ERISA Litigation as well as any and all claims for contribution, indemnification, or any other claims relating to payment of the Class Settlement Amount.

17. The Plan of Allocation is approved as fair and reasonable. Any modification or change in the Plan of Allocation that may hereafter be approved shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

18. The Court hereby appoints Nicholas L. Saakvitne as the Independent Fiduciary for the purposes of effectuating the distribution of the Net Settlement Amount consistent with the Plan of Allocation. Mr. Saakvitne shall: (i) oversee the creation of a qualified plan for the purpose of distributing the Net Settlement Amount; (ii) perform all tasks as may be necessary to establish or maintain the qualified tax status of the new qualified plan; (iii) serve as Trustee for the Trust of the new qualified plan, which shall be funded with the Net Settlement Amount; (iv) oversee the distribution to the Plans' participants or their successors-in-interest; (v) properly terminate the new qualified plan; and (vi) perform such other tasks as he may deem necessary to carry out the Plan of Allocation or to protect the interests of the Plans and their participants. Mr. Saakvitne's reasonable fee and costs shall be paid out of the Class Settlement Amount in the amount of $15,000. The Court further authorizes the payment of $50 per participant in the new qualified plan to cover notice to participants in the Settlement, an online election process, a call center, the mailing of an acknowledgement of election, reporting to the Independent Fiduciary, check writing, and tax reporting; this payment shall be made to Principal Financial Group, who



1  was the record-keeper for the Plans prior to their termination. Finally, the Court authorizes the payment of such other incidental and reasonable costs that may be necessary to effectuate the Plan of Allocation in the opinion of the Independent Fiduciary.

19. Class Counsel is hereby awarded attorneys' fees in the amount of $150,000 (20% of the $750,000 Class Settlement Amount) which the Court finds to be fair and reasonable, and $14,143.92 in reimbursement of Class Counsel's reasonable expenses incurred in prosecuting the action. The attorneys' fees and expenses so awarded shall be paid from the Class Settlement Amount pursuant to the terms of the Settlement Agreement, with interest on such amounts from the date the Class Settlement Amount was funded to the date of payment at the same net rate that the Class Settlement Amount earns. All fees and expenses paid to Class Counsel shall be paid pursuant to the timing requirements described in the Settlement Agreement.

20. The Named Plaintiffs are each hereby awarded a Service Award in the amount of $4,000 to be paid from the Class Settlement Amount.

21. In making this award of attorneys' fees and reimbursement of expenses, and the Service Awards to the Named Plaintiffs, the Court has considered and found that:

a) The settlement achieved as a result of the efforts of Class Counsel has created a fund of $750,000 in cash that is already on deposit, plus interest thereon, and will benefit the Settlement Class members;

b) Class Counsel have conducted the litigation and achieved the settlement with skill, perseverance, and diligent advocacy;

c) The action involves complex factual and legal issues and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

d) Had Class Counsel not achieved the settlement, there would remain a significant risk that the Named Plaintiffs and the Settlement Class may have recovered less or nothing from the Defendants;

FINAL ORDER AND JUDGMENT - 6
Case No. 09-cv-05768 BHS



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

1  e) The amount of attorneys' fees awarded and expenses reimbursed from the Class Settlement Amount are consistent with awards in similar cases; and

f) The Named Plaintiffs rendered valuable service to the Plan and to Settlement Class members.

22. Neither the Settlement Agreement nor the terms of the Settlement Agreement shall be offered or received in any action or proceeding for any purposes, except (i) in an action or proceeding arising under the Settlement Agreement or arising out of or relating to the Preliminary Approval Order or the Final Order, or (ii) in any action or proceeding where the releases provided pursuant to the Settlement Agreement or the terms of this Order may serve as a bar to recovery.

23. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement and any award or distribution of the Class Settlement Amount, including interest earned thereon; (b) disposition of the Class Settlement Amount; and (c) all Parties hereto for the purpose of construing, enforcing and administering the settlement and all actions that are or may be barred by this Order.

24. This Order and Judgment shall not be considered or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach or liability and this Court makes no such finding or determination.  Neither the Settlement Agreement nor any of the proceedings in connection therewith shall be offered or received in evidence for any purpose, except that the Defendants may submit this Final Order and Judgment to support a claim of *res judicata*, collateral estoppel, release or any theory of claim or issue preclusion, or the Parties may submit this Final Order and Judgment in any action to enforce the injunctive provisions of Paragraphs 13 and 14 of this Order.

25. In the event that the settlement does not become effective in accordance with the terms of the Settlement Agreement, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and shall be vacated, and in

FINAL ORDER AND JUDGMENT - 7
Case No. 09-cv-05768 BHS



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594

such event, all orders entered and releases delivered shall be void to the extent provided by and in accordance with the Settlement Agreement.

26. The Court directs the Clerk to enter final Judgment herein.

DATED this 26th day of April, 2011.

_____
BENJAMIN H. SETTLE
United States District Judge

Presented by:

HAGENS BERMAN SOBOL SHAPIRO LLP


By: s/ Andrew M. Volk
    Steve W. Berman, WSBA #12536
    Andrew M. Volk, WSBA #27639
1918 Eighth Avenue, Suite 3300
Seattle, Washington 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Counsel for Plaintiffs

FINAL ORDER AND JUDGMENT - 8
Case No. 09-cv-05768 BHS



1918 EIGHTH AVENUE, SUITE 3300 • SEATTLE, WA 98101
(206) 623-7292 • FAX (206) 623-0594