1

2

3

4

5

6              UNITED STATES DISTRICT COURT
          WESTERN DISTRICT OF WASHINGTON AT TACOMA
7

8   SANDI WILSON and SYNTHIA LISI,
    individually and on behalf of all others
9   similarly situated,                              CASE NO. C09-5768BHS

10                  Plaintiffs,                      ORDER DENYING MOTION
                                                     FOR RECONSIDERATION
11          v.

12  VENTURE FINANCIAL GROUP, INC.,
    et al.,
13
                    Defendants.
14

15
          This matter comes before the Court on Ken F. Parsons, Sr.'s ("Parsons") motion
16
    for reconsideration (Dkt. 133) of the Court's prior order approving settlement (Dkt. 131).
17
    The Court has considered the pleadings filed in support of and in opposition to the motion
18
    and the remainder of the file and hereby denies the motion for the reasons stated herein.
19
                   I.  PROCEDURAL HISTORY AND FACTUAL BACKGROUND
20
          This is an ERISA class action case in which the Court previously approved a final
21
    settlement and plan of allocation. Dkt. 131 (final order and judgment). On May 4, 2011,
22
    non-settling Defendant Parsons moved the Court to reconsider its final order and
23
    judgment. Dkt. 133. The Court ordered the Settling Parties[1] to respond to the motion and
24

25

26
    _____

27         [1]The Settling Parties include those persons in the class of Settling Plaintiffs and those
    persons making up the group of Settling Defendants, neither of which include Parsons.
28

ORDER – 1

permitted Parsons to file a reply. The Settling Parties timely responded (Dkt. 136) and Parsons replied (Dkt. 139).

For a more detailed factual background of the case see the Court's final order and judgment (Dkt. 131) and its order granting Parsons' former counsel's motion to withdraw from representation. Dkt. 115. Additionally, on April 25, 2011, the Court heard oral argument about the same issues presented by Parsons in the instant motion, which he addressed with the Court during the fairness hearing in which it approved the proposed final plan for settlement and allocation.

The parties dispute whether or not Parsons is entitled to object to the settlement. Parsons contends that he has a "contractual right and expectation to participate in the Plans." Dkt. 133 at 3. It is undisputed that Parsons was a shareholder/participant in the original plans. The management of these plans gave rise to this litigation. It is also undisputed that the Settling Plaintiffs in this litigation will receive a distribution of funds under the terms of the settlement. Parsons, however, is not a Plaintiff in this action; Parsons was a named Defendant, and the terms of settlement, as agreed by the Settling Parties, releases Parsons of liability for any claims that Plaintiffs may have had against him in this litigation.

During the fairness hearing, counsel for the Settling Defendants asserted to the Court that they were creating a new plan for the tax purposes that would permit the Settling Plaintiffs to roll their money over into a new retirement plan and avoid taxes that would result from taking a distribution directly from the settlement. The Settling Plaintiffs concurred that this was the situation. However, Parsons argued that the Settling Defendants were actually resuscitating or reviving the original plan, a plan that he had an interest in as a shareholder and participant. During the fairness hearing, the Court agreed with the Settling Parties that Parsons did not have a stake in the "new" plan.

1    Parsons moves the Court to reconsider this issue, which would provide him with

2    standing to object to the settlement because, he argues, permitting the settlement to go

3    forward strips him of his interest in the plan and any allocation of settlement.

4    In opposition, the Settling Parties contend that Parsons is not a part of the

5    settlement, specifically he is not part of the class of Settling Plaintiffs, and is therefore not

6    entitled to any of the proceeds that flow from the settlement. The Settling Parties contend

7    that their position holds true whether the plan is considered resuscitated, revived, or new.

8    ## II.  DISCUSSION

9    ### A.    Standard

10    Motions for reconsideration are governed by the Court's local rules, which

11    provide in pertinent part as follows:

12    > Motions for reconsideration are disfavored. The court will ordinarily deny
> such motions in the absence of a showing of manifest error in the prior ruling
13   > or a showing of new facts or legal authority which could not have been
> brought to its attention earlier with reasonable diligence.
14

15    Local Rule CR 7(h)(3).

16    ### B.    Parsons' Motion

17    Parsons' motion for reconsideration does not contain any showing of new facts or

18    evidence that would alter the outcome of the Court's prior order. Parsons' motion does

19    not contain adequate legal authority for his position. Instead he appeals to logic that if the

20    plans were revived, then he has a revived interest in its assets because he was previously a

21    participant in the original plans.

22    If the Court found that the plans were revived rather than new plans created

23    specifically for settlement, it might be inclined to agree with Parsons that he has standing

24    to challenge the settlement.[2] However, whether or not the plans are considered revived or

25

26    [2]Notably, the Court previously ruled that Parsons did not have standing in this matter.
27    Dkt. 116 at 2-3 ("Parsons lacks standing because he is a non-settling Defendant and because he
has not shown that he would suffer a legal prejudice should the Court grant preliminary approval
28    of the Settlement"). Parsons did not move the Court to reconsider this ruling. This alone provides

ORDER – 3

new is not dispositive to the more fundamental question of whether Parsons has a right to challenge the settlement in the first place.

Parsons is not a part of the settlement. Parsons is a Defendant for whom the Settling Plaintiffs have released any claim that they may have had against him for his involvement with the plans that led to this litigation. The Settling Defendants and the Settling Plaintiffs have agreed to terms of settlement, which includes an allocation of money to the Settling Plaintiffs. This money comes from insurance proceeds which are not depleted. *See, e.g.,* Dkt. 131. To the extent Parsons has a claim against anyone regarding these plans, he is still free to bring such a claim in a separate action. However, as the Court previously stated, Parsons has not provided any authority for the proposition that he can sue himself in this action and join in the settlement in an effort to obtain a portion of the settlement proceeds: Parsons was a named Defendant not a named Plaintiff in this action.

In short, it makes no difference whether Parsons has standing or not to challenge the settlement because even if he did, he is not entitled to settlement proceeds from a settlement in which he is not a party.

## III. ORDER

Therefore, it is hereby **ORDERED** that Parsons' motion for reconsideration (Dkt. 133) is **DENIED**.

DATED this 13th day of June, 2011.

BENJAMIN H. SETTLE
United States District Judge

---

a basis to deny Parsons' instant motion because the time period in which to challenge the Court's original ruling on standing has long passed.

ORDER – 4